IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BARBARA DEWBERRY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALPHAPOINTE ASSOCIATION )<br>FOR THE BLIND, )<br>)<br>Defendant. ) | Case No. 05-0187-CV-W-ODS |

ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS

I. Background

Pending is Defendants' Motion to Dismiss (Doc. #21). Plaintiff filed the above-captioned suit on March 2, 2005, alleging discrimination in violation of Title VII of the Civil Rights Act and the ADA. On November 23, 2005 the Court dismissed Plaintiff's claims against the individual Defendants but deferred ruling on her claim against Alphapointe Association for the Blind ("Alphapointe"). A hearing was held on December 15, 2005 to determine factual issues regarding when Plaintiff received her Notice of Right to Sue letter from the EEOC.

II. Discussion

A. Timeliness of Filing Suit

Defendant Alphapointe alleges Plaintiff did not file her complaint within the 90-day time limit imposed by Title VII and the ADA. Individuals who bring suit under Title VII must file the suit within ninety days after receipt of a right to sue letter. 42 U.S.C. § 2000e-5(f)(1) (2000); <u>Baldwin County Welcome Ctr. V. Brown</u>, 466 U.S. 147, 149 (1984). "Title I of the ADA, which prohibits employment discrimination on the basis of disability, explicitly incorporates the powers, remedies, and procedures of Title VII, making clear that the procedural requirements of those two provisions must be construed identically." <u>Shikles v. Sprint/United Mgmt. Co.</u>, No. 03-3326, 2005 U.S. App.

LEXIS 22530, at *12 (10th Cir. Oct. 20, 2005) (explaining how 42 U.S.C. § 12117(a) should be construed). Since the procedural requirements are to be construed exactly the same, cases discussing Title VII 90-day time limit will apply to the ADA.

"Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC [Equal Employment Opportunity Commission]." Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989). Notices mailed to parties are presumed to have been received three days after the date of mailing. See Fed. R. Civ. P. 6(e) (2005); Baldwin, 466 U.S. 147, 148 n.1; Rich v. Bob Downes Chrysler Plymouth, Inc., 831 F. Supp 733, 735 (E.D. Mo. 1993). However, the presumption of receipt can be rebutted with "testimony or other admissible evidence from which it could be reasonably inferred either that the notice was mailed later than its typewritten date or that it took longer than three days" to reach the intended recipient. Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 526 (2d Cir. 1996).

Plaintiff filed suit on March 2, 2005. Her right to sue letter was dated June 7, 2004. Defendants contend that her suit is time barred because Plaintiff filed her suit on March 2, 2005, well over the 90-day time limit. Plaintiff claims she did not receive the letter until after she contacted the EEOC on December 7, 2004. The EEOC sent Plaintiff a letter at that time, stating the Right to Sue letter was sent on October 6, 2004 and enclosing a copy of the Right to Sue letter, which was dated June 7, 2004. If the letter was in fact received by Plaintiff shortly following June 7, 2004, her complaint will be time-barred. But if Plaintiff did not receive the letter until December 7, 2004, Plaintiff's March 2, 2005 Complaint would be timely.

B. Hearing

A hearing was held on December 14, 2005 to determine if Plaintiff could present evidence to rebut the presumption of receipt after three days. Plaintiff offered into evidence the letter and envelope received from the EEOC on or about December 7, 2004. She testified that while she in unable to read all of her mail, she has a scanner for the purpose of going through mail and her daughter reads the important mail to her.

Defendant offered the testimony of Bobbie Faulkner, the information investigator for the EEOC. Faulkner testified that it is her common practice to keep a log of correspondence and progress when dealing with a party's EEOC claim. She further testified that she prepared Plaintiff's Notice of Right to Sue letter on June 7, 2004, and the log reflects that it was mailed to Plaintiff at the address provided by Plaintiff on that date. She testified that the October 16 date included in the December 7 letter was a clerical error and that no correspondence of any kind occurred with Plaintiff between June 2004 and December 2004. Defendant also offered evidence that Plaintiff received a letter in June 2004 from the Missouri Commission for Human Rights which included a reference to the EEOC's Right to Sue letter. On June 29, 2004 Plaintiff signed and dated forms from the MCHR, which, among other things, indicated her knowledge of the EEOC's Right to Sue letter.

The Court believes Plaintiff received the letter, but perhaps did not scan it or her family members failed to appreciate its importance. In either event, the Court believes that Plaintiff did not rebut the presumption that she received the Right to Sue letter from the EEOC within three days of its mailing.

III. Conclusion

For the foregoing reasons, the Court finds that Plaintiff's claims are time barred and her remaining claims against Alphapointe are dismissed.

IT IS SO ORDERED.

                                            /s/ Ortrie D. Smith
                                            ORTRIE D. SMITH, JUDGE
DATE: December 20, 2005         UNITED STATES DISTRICT COURT